IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA BAXTER<br>836 Bonifant Street<br>Silver Spring, Maryland 20910[1]<br><br>*On Behalf of Herself and*<br>*All Others Similarly situated*<br><br>PLAINTIFF,<br><br>v.<br><br>MSTREET MANAGEMENT GROUP, LLC<br>1819 M Street NW<br>Washington DC 20036<br><br>   SERVE:   CT Corporation System<br>            1015 15th Street, NW, Suite 1000<br>            Washington, DC 20005<br><br>DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* Case No.: _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Rebecca Baxter ("Plaintiff"), by and through undersigned counsel, on behalf of herself and all others similarly situated, hereby submits her Collective Action Complaint against Defendant MStreet Management Group, LLC ("Defendant") to recover unpaid wages and statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and to recover unpaid wages and statutory damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Arlington, Virginia.

2. By acting as the named Plaintiff in this action, Plaintiff hereby consents to participate as a Plaintiff in an FLSA and DCMWA collective action.

---

[1] To avoid retaliation, Plaintiff has listed the address of her counsel.

3. Defendant is a limited liability company formed under the laws of the District of Columbia with its principal place of business located in the District of Columbia.

4. At all times, Defendant has done business as an exotic dance club in the District of Columbia.

5. At all times, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6. At all times, Defendant had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

9. Plaintiff was employed by Defendant as an exotic dancer from about August 15, 2014 through about October 19, 2014.

10. During the period of Plaintiff's employment, Plaintiff typically worked about thirty-six (36) or more hours per week.

11. During the period of Plaintiff's employment, Defendant paid Plaintiff direct wages at the "tip credit" rate of $2.77 per hour.

12. Throughout the entirety of Plaintiff's employment, at the end of each shift, Defendant mandated and took a "tip out" from Plaintiff's tips whereby Plaintiff was required to pay a portion of

2

her tips received from customers directly to Defendant.

13. Typically, Plaintiff paid a "tip out" to Defendant in the amount of about $25.00 per shift.

14. The mandatory "tip out" effectively lowered Plaintiff's hourly rate by $25.00 per shift resulting in a net negative hourly rate of -$0.07 per hour (9 hours per shift * $2.77 per hour = $24.93 - $25.00 "tip out" = -$0.07 per hour).

15. Defendant never paid Plaintiff at an hourly rate at least equal to the applicable minimum District of Columbia minimum wage of $9.50 per hour (or the Federal Minimum wage of $7.25 per hour).

16. Defendant did not comply with the "tip credit" requirements of Federal and District of Columbia law.

17. Employers may only enjoy the benefits of the "tip credit" as an alternative method if the following requirements are met. *See* 29 U.S.C. § 203(m): (1) the employer must give the employee proper notice of taking a tip credit; (2) the employee must retain all of her tips except for those lawfully shared with other employees; and (3) the employee, through her tips, must make up the difference between the tipped minimum wage and full minimum wage—if she does not, the employer must pay the her the difference in wages. 29 C.F.R. § 531.59.

18. The "tip out" that Defendant charged Plaintiff from her tips at the end of her shift axiomatically resulted in Plaintiff not "retaining all of her tips" and destroyed Defendant's ability to attempt to utilize the "tip credit" method.

19. Plaintiff is now owed the difference between her net-negative hourly rate (-$0.07 per hour) and the "free and clear" DC Minimum Wage ($9.50 per hour) in amount of $9.47 per hour for all hours worked each week (or, in the alternative, the "free and clear" Federal Minimum Wage ($7.25 per hour) in the amount of $7.32 per hour for all hours worked each week).

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff is pursuing this action as an FLSA and DCMWA collective action on behalf of herself and all other similarly situated individuals.

21. The collective action includes

   i. Current and former exotic dancer employees who worked as exotic dancers at the Defendant's Mpire Club at any time between November 17, 2011 and the present;

   ii. Who paid Defendant a "tip out" (or substantially similar payment); and

   iii. Who, as a consequence, were not paid by Defendant for all hours worked at an hourly at least equal to the minimum wage hourly rate required by the FLSA and DCMWA.

22. In the present case, the questions of law or fact common to the members of the collective action class predominate over any questions affecting only individual collective action class members.

23. The essence of this entire case is the Plaintiff and other similarly situated individuals -- as a direct consequence of Defendant charging a "tip out" were not paid for hours worked at an hourly rate at least equal to the Federal and District of Columbia minimum wage.

24. Common to Plaintiff and all collective action class members is that each individual paid a "tip out" to Defendant and, as a consequence, received wages from Defendant at a rate less than what is required by the FLSA and DCMWA for all hours worked each week.

25. Specifically, Plaintiff and each collective action class member is owed the difference between their net-negative regular hourly rates and the FLSA and DCMWA required rate and statutory damages under the FLSA and DCMWA.

26. In the present case, the number of collective action class members is believed to exceed twenty-five (25) current and former exotic dancer employees.

27. All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendant.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

28. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

29. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the Federal minimum wage, currently $7.25 per hour.

30. At all times, Plaintiff and other exotic dancer employees were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1).

31. At all times, Defendant was Plaintiff's "employer" and the employer of other exotic dancer employees under the FLSA.

32. Defendant, as the employer of Plaintiff and other exotic dancer employees, was obligated to compensate Plaintiff and other exotic dancer employees for all hours worked at an hourly rate not less than the Federal Minimum Wage.

33. At all times, Defendant paid Plaintiff and other exotic dancer employees at an hourly rate that calculates in the negative.

34. The net negative hourly rate paid by Defendant to Plaintiff and other exotic dancer employees falls below the applicable Federal Minimum Wage.

35. At all times, Defendant had actual knowledge that the compensation method and amount that Defendant paid Plaintiff and other exotic dancers was less than the compensation method and amount required by the FLSA.

36. Defendant's failure to pay compensation to Plaintiff and other exotic dancer employees as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit) for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of DC Minimum Wage Act

37. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

38. The DCMWA provides that no employer shall employ any employee for an hourly wage of less than the District of Columbia Minimum Wage.

39. At all times during Plaintiff's employment, the District of Columbia Minimum Wage was $9.50 per hour.

40. At all times, Plaintiff and other exotic dancer employees were "employees" covered by the DCMWA.

41. At all times, Defendant was Plaintiff's "employer" and the employer of other exotic dancer employees under the DCMWA.

42. Defendant, as the employer of Plaintiff and other exotic dancer employees, was obligated to compensate Plaintiff and other exotic dancer employees for all hours worked at an hourly rate not less than the District of Columbia Minimum Wage.

43. At all times, Defendant paid Plaintiff and other exotic dancer employees at an hourly rate that calculates in the negative.

44. The net negative hourly rate paid by Defendant to Plaintiff and other exotic dancer employees falls below the District of Columbia Minimum Wage.

45. At all times, Defendant had actual knowledge that the compensation method and amount that Defendant paid Plaintiff and other exotic dancers was less than the compensation method and amount required by the DCMWA.

46. Defendant's failure to pay compensation to Plaintiff and other exotic dancer employees as required by the DCMWA was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit) for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*